NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3658-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WILLIAM T. STELTZ,

 Defendant-Appellant.
____________________________

 Submitted July 11, 2017 – Decided November 6, 2017

 Before Judges Nugent and Accurso.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Indictment Nos.
 08-09-0207 and 09-06-2098.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele A. Adubato,
 Designated Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Emily Anderson,
 Deputy Attorney General, of counsel and on
 the brief).

PER CURIAM

 Defendant William Steltz appeals from a January 22, 2016

order denying his petition for post-conviction relief but

amending his judgment of conviction to reflect the jail credits
negotiated as part of his 2009 plea. He contends the PCR court

erred in finding his claim – that the judgments of conviction,

in addition to not accurately reflecting his jail credits, did

not accurately reflect the minimum term the judge imposed at

sentencing – was barred by R. 3:22-5. He also claims he was

deprived of the effective assistance of counsel and was entitled

to a hearing on his claims. The State, although opposing

defendant's petition seeking resentencing in the Law Division,

now contends "there are two [different] issues with defendant's

sentence that require a remand."

 Because we previously decided the identical issues

defendant raised in his petition regarding the length of his

minimum term and calculation of jail credits, we affirm,

pursuant to R. 3:22-5, the decision to deny defendant's petition

but reverse amendment of the judgments of conviction to

"correct" the calculation of jail credits. We further remand to

correct an illegal sentence on counts four and six of State

Grand Jury Indictment No. 08-09-0207.

 Defendant pled guilty to four counts of drug and weapon

charges contained in two separate indictments in exchange for

the State's recommendation of an aggregate sentence of twenty

years with ten years of parole ineligibility and the dismissal

 2 A-3658-15T2
of the remaining charges.1 Specifically, defendant pled guilty

to count four, first-degree distribution of cocaine, N.J.S.A.

2C:35-5b(1) and 2C:35-5c; count six, first-degree possession of

cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1) and

N.J.S.A. 2C:35-5b(1); and count thirteen, second-degree certain

persons not to have weapons, N.J.S.A. 2C:39-7b(1) of State Grand

Jury Indictment No. 08-09-0207 and to count nine, first-degree

distribution of a controlled dangerous substance, N.J.S.A.

2C:35-5a(1) and 2C:35-5b(1) of Camden County Indictment No.

09-06-2098.

 At sentencing, defendant's counsel stated:

 I understand what the aggregate
 sentence is under the agreement. I will
 keep my comments very short, really[.]
 [B]ased on the fact that there are concerns
 here that Mr. Steltz is going to help the
 State or County in any further prosecutions
 in this matter[,] [w]e'd ask that this
 matter be treated as a cap plea and he be
 sentenced at the minimum lower cap of 20, do
 10.

 With that we would submit.

 The judge pronounced sentence as follows:

1
 The weapon defendant pled guilty to possessing on December 11,
2007, a date defendant admitted he was in possession of more
than five ounces of cocaine with intent to distribute, was an
assault rifle. During the plea colloquy, the judge explained to
defendant that his exposure on the charges to which he pled
guilty was seventy years, thirty-five without parole, leaving
aside that defendant was extended-term eligible.

 3 A-3658-15T2
 These are very serious charges, we
 know. The . . . three first degree
 possession with intent charges and one
 second degree certain persons offense as a
 result of a weapon. So I'm going to give
 you somewhat of a break in consideration,
 the fact that you took responsibility.

 These cases would have been significant
 prosecutions by the State. They would have
 had to expend many resources in prosecution,
 two separate and distinct cases. It would
 have been protracted trials.

 As a result of your taking
 responsibility early on, again, I'm going to
 give you the benefit of somewhat of a
 reduction from what I'll consider to be a
 cap. Whenever the State makes a
 recommendation, whether or not they infer it
 or say it, I consider that to be a cap.

 Under State v. Warren,2 you always have
 a right to argue for something less and I'll
 give you a somewhat lesser sentence,
 although not significantly. . . .

 Under State Grand Jury Indictment
 Number 207, under Counts Four and Six,
 you'll receive, instead of the 15-year
 sentence, five without parole, a 14-year
 sentence, three without parole. They will
 run concurrent with one another.

 Under Indictment 2098, Count Nine,
 you'll receive a 10-year sentence, five
 years without parole. That will also run
 concurrent to Counts Four and Six of 207.

 And you'll receive a consecutive
 sentence under Count Thirteen. That's the
 certain person offense. Five years, five
 without parole.

2
 State v. Warren, 115 N.J. 433 (1989).

 4 A-3658-15T2
 The aggregate sentence is a 19-year
 sentence, eight years without parole.

The judgments of conviction reflected the sentence imposed on

each count of both indictments and included the statement that

the "aggregate total sentence is nineteen (19) years, eight (8)

years without parole."

 Two months later, the Parole Board wrote to the sentencing

judge, with a copy to defendant, asking for clarification of the

sentence. The Board noted that running the sentence on count

nine of the Camden County Indictment (ten years, five-year

mandatory minimum) concurrent with the aggregate sentence

imposed on counts four and six of the State Grand Jury

indictment (fourteen years, three-year mandatory minimum) while

running count thirteen of that indictment (five years, five-year

mandatory minimum), consecutively would result in an aggregate

sentence of nineteen years, ten-year mandatory minimum, not

nineteen years, eight-year mandatory minimum as stated in the

judgments of conviction. In response to that letter, the

sentencing judge amended the statement of reasons for both

judgments of conviction to reflect an aggregate sentence on both

indictments of nineteen years, ten years without parole. See

State v. Matlack, 49 N.J. 491, 502, cert. denied, 389 U.S. 1009,

88 S. Ct. 572, 19 L. Ed. 2d 606 (1967) (permitting correction of

 5 A-3658-15T2
"inadvertent clerical-type errors" so the defendant receives the

sentence the trial court intended).

 Several months later, defendant moved to correct the

judgments of conviction. Defendant claimed the sentence

actually imposed was an aggregate nineteen years with eight

years' parole ineligibility, not the nineteen years with ten

years' parole ineligibility as reflected in the amended

judgments of conviction. Defendant also complained his jail

credits were improperly calculated. He claimed he only received

jail credits through February 12, 2009, the date of his prior

sentencing on a Gloucester County indictment, and not through

January 8, 2010, his sentencing on the two indictments at issue

here. The sentencing judge denied his request, noting that

N.J.S.A. 2C:39-4.1 mandated a sentence of five years, five years

to be served without parole, "to run consecutive to any other

sentence imposed at the same time."

 We affirmed in an unreported opinion. State v. Steltz, No.

A-2461-11 (App. Div. March 12, 2013). We said "[t]he two JOCs

and accompanying statements of reasons clearly establish that

the five-year period of parole ineligibility for I-2098 must run

consecutive to the five-year period of parole ineligibility for

the weapons charge under I-207." Id. at 4. As to the jail

credits, we relied on State v. Hemphill, 391 N.J. Super. 67, 71

 6 A-3658-15T2
(App. Div.), certif. denied, 192 N.J. 68 (2007), holding that

jail credits are "impermissible if the confinement is due to

service of a prior-imposed sentence [on] another charge." See

Steltz, supra, slip op. at 4-5.

 Defendant subsequently filed two more motions seeking

correction of his sentence in the trial court. Those motions

were denied by different judges in 2013 and 2014, presumably

based on the prior adjudication.

 In January 2015, defendant filed a pro se petition for

post-conviction relief claiming ineffective assistance of

counsel in connection with his sentence. Defendant was

subsequently assigned counsel who filed an amended petition on

his behalf. In his amended petition, he again sought correction

of the judgments of conviction to reflect an aggregate sentence

of nineteen years with eight years of parole ineligibility and

additional jail credits through January 7, 2010, the day before

his sentencing on those convictions. He contended his counsel

was ineffective because he failed to ensure he received all the

jail credits negotiated and for failing to file an appeal when

the judgments were incorrectly amended to increase his mandatory

minimum term. He also claimed counsel was ineffective for

failing to advise that a consecutive sentence was not mandated

for the crimes to which defendant pled guilty.

 7 A-3658-15T2
 After hearing argument on the petition, the judge partially

granted and partially denied defendant relief. The judge found

defendant was not wrongly denied the assistance of counsel on

his prior motions or appeal to this court. The judge further

noted that this court referred defendant's request for counsel

to the Office of the Public Defender, which declined

representation, a decision we did not disturb. Cf. State v.

A.L., 440 N.J. Super. 400, 418-19 (App. Div. 2015) (noting

jurisdiction of that issue in the Appellate Division pursuant to

R. 2:9-1(a)).

 The judge further determined based on a review of the plea

colloquy and the sentencing transcript that the sentencing judge

intended to and did sentence defendant to an aggregate term of

nineteen years, ten to be served without parole. Finding

defendant had already presented his claim regarding his parole

ineligibility term to this court, which rejected it, the judge

deemed it procedurally barred pursuant to R. 3:22-5 (prior

adjudication on the merits of any ground for relief is

conclusive).

 The judge, however, took a different view of the

calculation of defendant's jail credits. Stating she was "not

quite sure how the issue of jail credits has not been addressed

or fixed," the judge found the State and defendant's counsel

 8 A-3658-15T2
"agreed that the defendant would get jail credits starting –

well, aggregate, starting on June 26th, 2008, up until the date

of sentencing, which was January 8th, 2010." "[B]ased upon the

fact that the record is clear," the judge amended the judgments

of conviction to reflect "561 days negotiated and concurrent

jail credit."

 On appeal, defendant contends he was entitled to an

evidentiary hearing and that he was denied the effective

assistance of counsel. He further argues his claims were not

barred by R. 3:22-5 because he did not raise ineffective

assistance in the prior proceeding.

 The State contends defendant's arguments are without merit.

The State does not address the court's grant of the additional

jail credits but insists the matter must be remanded for

resentencing because the judge ran the conviction on count nine

of Camden County Indictment No. 09-06-2098 (first-degree

distribution) concurrent to counts four (first-degree

distribution) and six (first-degree possession with intent to

distribute) of State Grand Jury Indictment No. 08-09-0207, but

consecutive to count thirteen (certain persons offense) of the

same indictment, which it contends violates the "basic tenet" of

State v. Rogers, 124 N.J. 113 (1991). The State further argues

the sentence on counts four and six is illegal because the

 9 A-3658-15T2
three-year periods of parole ineligibility on the concurrent

fourteen-year terms violate N.J.S.A. 2C:35-5b(1).

 We think it obvious that defendant's arguments as to his

sentence, both the parole ineligibility term and the calculation

of jail credits, are plainly barred by R. 3:22-5. Defendant

made a motion to the sentencing judge to correct his sentence

raising the identical two issues. When the sentencing judge

denied his motion, he appealed to this court. Having considered

defendant's arguments, the sentencing transcript and the

judgments of conviction, we concluded "the record fully supports

the judge's determination that the total parole ineligibility

for both indictments was ten years." Steltz, supra, No. A-2461-

11, slip op. at 4. As to the calculation of jail credits, we

noted "the computation did not include any days after defendant

began serving his Gloucester County sentence on other charges.

The current record contains no support for defendant's claim

that the agreed upon jail time should be changed to include that

period." Ibid.

 Our prior adjudication of those two issues on the merits in

defendant's prior appeal is dispositive and bars defendant's

claim for post-conviction relief. See State v. Marshall, 173

N.J. 343, 350-53 (2002). Although the trial court held that R.

3:22-5 barred its consideration of defendant's claim as to his

 10 A-3658-15T2
parole-ineligibility term, it failed to apply the Rule to

defendant's claim as to jail credits, although it too was

identical to the claim we resolved.

 Jail credits are not discretionary. State v. Hernandez,

208 N.J. 24, 48-49 (2011), mod. on other grounds, State v. C.H.,

228 N.J. 111 (2017). "After the first sentence is imposed . . .

a defendant is not entitled to jail credits for time spent in

custody when later sentenced on other pending charges." State

v. Rippy, 431 N.J. Super. 338, 349 (App. Div. 2013), certif.

denied, 217 N.J. 284 (2014). As we previously held, defendant

is not entitled to jail credits for the period following his

sentencing on February 12, 2009, on the Gloucester County

indictment and January 8, 2010, his sentencing on the two

indictments at issue here. We thus reverse the order amending

the judgments of conviction to award jail credits for that

period.

 We find no support for the State's argument that running

the sentence on the certain persons offense consecutive to the

three first-degree drug charges violated Rogers, because one of

those drug charges was contained in a separate indictment.

Rogers prohibits the imposition of "partially-concurrent and

partially-consecutive sentences," e.g., "two 30-year prison

terms, the second to be concurrent with the first for a term of

 11 A-3658-15T2
15 years and consecutive to the first for a term of 15 years,"

resulting in an aggregate sentence of 45 years. Rogers, supra,

124 N.J. at 114, 118. The Supreme Court prohibited such

sentences, even though they are not expressly forbidden by the

Code of Criminal Justice, because their variability would

severely undermine the goal of greater uniformity in sentencing.

Ibid.

 The State offers no case to support its assertion that

running a sentence on two counts of a multi-count indictment

concurrent to one another and concurrent to the sentence on the

sole count of a separate indictment, but making the remaining

count consecutive to all three is prohibited by Rogers. Such a

sentence would not appear to pose the problems of wide

variability that concerned the Rogers Court. Indeed, the Court

has recently made clear in the context of awarding jail credits

on consecutive sentences under two different indictments that

"[t]he appropriate course of action is to view the separate

sentences together and apply jail credit to the front end of the

aggregate sentence." C.H., supra, 228 N.J. at 121-22. Although

not squarely on point, it does undermine the State's argument

that the aggregate sentence imposed here violated the Code. We

find the State's argument based on Rogers no basis to remand for

a new sentencing.

 12 A-3658-15T2
 The State also contends, however, apparently for the first

time, that the sentence imposed is illegal because the three-

year ineligibility terms imposed on counts four and six of State

Grand Jury Indictment No. 08-09-0207 were less than one-third of

the base terms of fourteen years, a violation of N.J.S.A. 2C:35-

5b(1). We agree defendant's sentence as to those counts is

illegal because it "include[s] a disposition that is not

authorized by our criminal code." See State v. Schubert, 212

N.J. 295, 308 (2012).

 Because an illegal sentence "may be corrected at any time

before it is completed[,]" id. at 309 (quoting State v. Murray,

162 N.J. 240, 247 (2000)), and as defendant can have no

expectation of finality in the sentence he has continued to

challenge, see State v. Rodriguez, 97 N.J. 263, 271 (1984), we

remand for resentencing in accordance with N.J.S.A. 2C:35-5b(1).

See State v. Baker, 270 N.J. Super. 55, 77 (App. Div.) (holding

a court may correct an illegal sentence to impose a

legislatively-mandated period of parole ineligibility, even if

it involves an increase in the defendant's aggregate sentence),

aff'd o.b., 138 N.J. 89 (1994).

 In sum, we affirm the court's denial of defendant's

petition insofar as it relates to defendant's claims as to his

parole ineligibility term; reverse the amendment of the

 13 A-3658-15T2
judgments of conviction as it relates to jail credits; and

remand for resentencing on counts four and six of State Grand

Jury Indictment No. 08-09-0207 in conformity with N.J.S.A.

2C:35-5b(1), and application of reinstated jail credits in

accordance with C.H., supra, 228 N.J. at 121-22. We do not

retain jurisdiction.

 Affirmed in part; reversed in part; and remanded for

resentencing in conformance with this opinion.

 14 A-3658-15T2