SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State v. C.H.** (A-56-15) (076535)
**[NOTE: This is a companion case to** State v. William R. Joe **(A-62-15) (077034), also filed today.]**

**Argued October 13, 2016 -- Decided March 7, 2017**

**FERNANDEZ-VINA, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a defendant who is simultaneously sentenced to consecutive sentences on two separate indictments is entitled to the application of jail credit against both indictments.

Defendant was charged in Warren County under separate indictments for multiple charges involving misconduct with two minors, D.H. and D.M. Indictment 2010-10-00377 (Indictment 1) charged defendant with certain crimes against D.H.; Indictment 2010-10-00378 (Indictment 2) charged defendant with crimes against D.M. Defendant was arrested on November 19, 2009, and was confined until sentencing, which took place on August 22, 2012. In total, defendant spent 1007 days in pre-sentence custody.

Defendant was tried on each indictment in separate jury trials. On March 20, 2012, a jury found defendant guilty of one count of first-degree aggravated sexual assault and one count of third-degree endangering the welfare of a child on Indictment 2. On May 18, 2012, another jury found defendant guilty of two counts of fourth-degree criminal sexual contact and one count of fourth-degree endangering the welfare of a child on Indictment 1.

Defendant was sentenced on both indictments on August 22, 2012. The court first addressed the sentencing for Indictment 2. For the aggravated sexual assault conviction, the court sentenced defendant to ten years' imprisonment subject to an 85 percent parole ineligibility period. For the endangering the welfare of a child conviction, the court sentenced defendant to a concurrent term of three years' imprisonment. The court applied 1007 days of jail credit to the sentences imposed under Indictment 2. The jail credits applied to the terms of imprisonment and to defendant's parole ineligibility period.

On Indictment 1, the court sentenced defendant to twelve months' imprisonment on each of the two criminal sexual contact convictions and four years' imprisonment for the endangering the welfare of a child conviction. The court ordered each of the three sentences to run concurrently with each other, but consecutively to the sentences imposed under Indictment 2. Over defense counsel's objection, the court held that the 1007 days of jail credit would apply only to the Indictment 2 sentences.

Defendant appealed, asserting that he was entitled to 2014 jail credits pursuant to State v. Hernandez, 208 N.J. 24 (2011). The Appellate Division affirmed defendant's convictions but remanded for resentencing. Specifically, the appellate panel directed the lower court to apply 1007 days of jail credit to the sentences for both Indictment 1 and Indictment 2. The panel highlighted the statement in Hernandez that "defendants are entitled to precisely what [Rule 3:21-8] provides: credits against all sentences 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case." 208 N.J. at 28 (quoting R. 3:21-8). The panel concluded that the proper application of Rule 3:21-8 and Hernandez demanded the imposition of 1007 days of jail credit against the sentences imposed in connection with each indictment.

The Court granted the State's petition for certification as to the jail-credit issue and denied defendant's cross-petition, which challenged his convictions. 224 N.J. 281 (2016).

**HELD**: Defendant's sentences should be viewed together and jail credit applied to the front end of the aggregate imprisonment term for both indictments. To the extent that State v. Hernandez, 208 N.J. 24 (2011), has been read differently with respect to consecutive sentences, Hernandez is modified as follows: double credit should not be

awarded where a defendant is sentenced to consecutive sentences under separate indictments and receives the optimal benefits of jail credit for time spent in pre-sentence custody. Instead, the sentencing court should treat the sentences as a unified proceeding and maximize the benefits to the defendant by applying jail credit to the front end of the imprisonment term.

1. Rule 3:21-8 states that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." These credits for pre-sentence custody are referred to as "jail credits." In Hernandez, this Court held that, under Rule 3:21 8, defendants are entitled to jail credit "against all sentences 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case." 208 N.J. at 28 (emphasis added) (quoting R. 3:21-8). "Therefore, as interpreted by Hernandez, Rule 3:21-8 requires that a defendant receive jail credit even though the charges are not directly responsible for his or her incarceration." State v. Rawls, 219 N.J. 185, 194 (2014). (pp. 8-9)

2. In Hernandez, this Court reviewed two consolidated jail credit cases. In the first case, defendant Andrea Hernandez was sentenced in two separate proceedings for offenses committed in Passaic County and Ocean County. She received concurrent sentences, but the trial court did not provide her with credit against her parole ineligibility period. The Court observed that, if jail credit for her total time in pre-sentence custody applied to the Passaic County sentence (for which Hernandez was sentenced to twenty years' imprisonment with an 85 percent parole ineligibility period), Hernandez would spend less time imprisoned because the parole ineligibility term would be reduced. Recognizing the inequity of such a scenario, the Court held that "Hernandez should be entitled to jail credit on the Passaic County sentence for the time she spent in custody between her Passaic County arrest and the date sentence was imposed in Ocean County." 208 N.J. at 47. In the second case, concerning defendant Derrick Wayne Rose, the Court held that when multiple charges are brought in a single indictment, "the total amount of jail credit reduces the aggregate custodial sentence imposed." Id. at 47-48. The Court sought to avoid scenarios in which jail credits "might have different consequences if the same consecutive sentences are embodied in a single judgment than if they are embodied in separate indictments and the credits applied only to one" of the judgments. Id. at 48. (pp. 9-12)

3. Here, defendant was arrested on November 19, 2009, and charged in two separate indictments. He remained in custody until he was sentenced for both indictments on August 22, 2012. Altogether, defendant spent 1007 days in pre-sentence custody. He received 1007 days of jail credit against the front end of his aggregate sentence. (p. 12)

4. Contrary to defendant's contentions, Hernandez does not warrant the application of double jail credit in this case. Here, unlike the situations presented in Hernandez, defendant did not suffer any adverse consequences due to the trial court's application of jail credit. Defendant received the optimal benefits of jail credit for the entire time he spent in pre-sentence custody. The 1007 days of jail credit were applied to the Indictment 2 sentences, which carried a parole ineligibility term. The jail credits reduced both defendant's aggregate prison term and his parole ineligibility period. Therefore, the jail credits were applied to the front end of defendant's aggregate sentence. This application of jail credit is equitable because it maximizes the benefits to defendant. (p. 13)

5. The Court recognizes that some language in Hernandez may have caused confusion about whether jail credits can reduce sentences on each charge of a consecutive sentence, thereby allowing defendants to receive jail credit for twice the amount of time spent in pre-sentence custody. To the extent that language in Hernandez suggests that a defendant is entitled to jail credits for time simultaneously spent in custody on each charge for which he receives a consecutive sentence, the Court makes clear that such double credit is not allowed. The appropriate course of action is to view the separate sentences together and apply jail credit to the front end of the aggregate sentence. This application maximizes the benefits of jail credit for defendants without awarding double time. The approach also is consistent with the policy purposes of Hernandez. (pp. 13-16).

The judgment of the Appellate Division is **REVERSED**, and the sentence imposed by Superior Court, Law Division is **REINSTATED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

        v.

C.H.,

    Defendant-Respondent.


        Argued October 13, 2016 – Decided March 7, 2017

        On certification to the Superior Court, Appellate Division.

        Daniel I. Bornstein, Deputy Attorney General, argued the cause for appellant (Christopher S. Porrino, Attorney General of New Jersey, attorney).

        Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney).


    JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

    In this appeal, we consider whether a defendant who is simultaneously sentenced to consecutive sentences on two separate indictments is entitled to the application of jail credit against both indictments pursuant to Rule 3:21-8.

    On October 27, 2010, a Warren County grand jury charged defendant in two separate indictments for crimes committed

1

against two minors, D.H. and D.M.  Defendant spent 1007 days in pre-sentence custody.

Defendant was subsequently convicted for charges in both indictments and sentenced in a consolidated hearing.  For one indictment, defendant received a total of ten years' imprisonment with an 85 percent parole ineligibility period.  He was credited with 1007 days of jail credit for time spent in confinement.  For the other indictment, defendant was sentenced to a total of four years' imprisonment, to be served consecutively with the sentences on the first sentenced indictment.  Over defense counsel's objections, the trial court did not apply jail credit in the second sentencing.

The Appellate Division remanded defendant's case for resentencing.  The panel held that defendant was entitled to 1007 days of jail credit for the sentences on both indictments, totaling 2014 days of jail credit.

For the reasons set forth in this opinion, we hold that a proper application of State v. Hernandez, 208 N.J. 24 (2011), entitles defendant to only 1007 total days of jail credit. Neither the disposition of Hernandez nor the overarching policy considerations in that opinion warrant the application of double jail credit.  Instead, defendant's sentences should be viewed together and jail credit applied to the front end of the aggregate imprisonment term for both indictments.  Accordingly,

2

we reverse the judgment of the Appellate Division and reinstate the sentence of the trial court.

## I.

Defendant was charged in Warren County under separate indictments for multiple charges involving misconduct with two minors, D.H. and D.M. Defendant was arrested on November 19, 2009, and was confined until sentencing, which took place on August 22, 2012. In total, defendant spent 1007 days in pre-sentence custody.

On October 27, 2010, a Warren County grand jury indicted defendant separately for crimes committed against D.H. and D.M. Indictment 2010-10-00377 (Indictment 1) charged defendant with the following crimes against D.H.: two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c); two counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); and one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

Indictment 2010-10-00378 (Indictment 2) charged defendant with the following crimes against D.M.: one count of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); and one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

Defendant was tried on each indictment in separate jury trials before the same judge. On March 20, 2012, a jury found defendant guilty of one count of first-degree aggravated sexual assault and one count of third-degree endangering the welfare of a child on Indictment 2. Defendant was found not guilty of all other counts in Indictment 2. On May 18, 2012, another jury found defendant guilty of two counts of fourth-degree criminal sexual contact and one count of fourth-degree endangering the welfare of a child on Indictment 1. Defendant was found not guilty of all other counts in Indictment 1.

Defendant was sentenced on both indictments in a consolidated hearing held on August 22, 2012. The court first addressed the sentencing for Indictment 2. For the aggravated sexual assault conviction, the court sentenced defendant to ten years' imprisonment subject to an 85 percent parole ineligibility period, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. For the endangering the welfare of a child conviction, the court sentenced defendant to three years' imprisonment.

The sentencing court ordered both sentences under Indictment 2 to run concurrently. The court also imposed applicable fines and penalties. Lastly, the court applied 1007 days of jail credit to the sentences imposed under Indictment 2.

4

The jail credits applied to the terms of imprisonment and to defendant's parole ineligibility period.

On Indictment 1, the court sentenced defendant to twelve months' imprisonment on each of the two criminal sexual contact convictions and four years' imprisonment for the endangering the welfare of a child conviction. The court ordered each of the three sentences to run concurrently with each other, but consecutively to the sentences imposed under Indictment 2. Again, the court applied applicable fines and penalties.

The court then addressed the issue of jail credit for the Indictment 1 sentences. Defense counsel requested that additional credits be applied to the Indictment 1 sentences pursuant to Hernandez, supra, 208 N.J. at 24. The State argued that if the sentence was imposed as suggested by defense counsel, defendant would receive 2014 days of jail credit despite spending only 1007 days in pre-sentence custody.

After expressing concern that a second application of jail credit would "take away . . . the consecutive nature of the sentence," the court held that the 1007 days of jail credit would apply only to the Indictment 2 sentences. The court explained that it was applying credits only to the Indictment 2 sentences because otherwise "the consecutive sentence wouldn't mean anything."

Defendant appealed, asserting that he was entitled to 2014 jail credits pursuant to Hernandez. In an unpublished per curiam decision, the Appellate Division affirmed defendant's convictions but remanded for resentencing. Specifically, the appellate panel directed the lower court to apply 1007 days of jail credit to the sentences for both Indictment 1 and Indictment 2, totaling 2014 days of jail credit.

The Appellate Division reviewed this Court's interpretation of Rule 3:21-8 in Hernandez, supra, and highlighted our statement that "defendants are entitled to precisely what the Rule provides: credits against all sentences 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case." 208 N.J. at 28 (quoting R. 3:21-8). The panel concluded that the proper application of Rule 3:21-8 and Hernandez demanded the imposition of 1007 days of jail credit against the sentences imposed in connection with each indictment.

We granted the State's petition for certification as to the jail-credit issue and denied defendant's cross-petition, which challenged his convictions. 224 N.J. 281 (2016).

## II.

The State argues that the Appellate Division erroneously awarded defendant twice the amount of jail credit he had accrued. The State asks this Court to "make clear that a

6

defendant is not entitled to double jail credit when the judge orders consecutive sentences and gives full jail credit toward the sentence with the greater parole disqualifier or later parole-eligibility date."

The State further asserts that the purpose of Hernandez -- preventing criminal defendants from suffering real-time consequences due to the inevitable delay in resolving multiple charges -- does not justify double jail credit in this case. The State contends that the Appellate Division's application of jail credit results in a windfall for defendant because the double jail credit "will virtually consume" the second sentence and defendant will serve less time than if he had posted bail. The State notes that, unlike the defendants in Hernandez, defendant's credits were applied to his parole ineligibility period.

Defendant argues that the Appellate Division properly applied the tenets of Hernandez. According to defendant, the State is asking this Court to reverse Hernandez rather than clarify existing precedent. He maintains that the State presents no compelling reasons for reversing well-established precedent. Additionally, defendant notes that the trial court was free to consider the impact of jail credit upon the real time he would spend incarcerated when issuing the sentences.

III.

7

Rule 3:21-8 states that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." These credits for pre-sentence custody are referred to as "jail credits." State v. Rawls, 219 N.J. 185, 192 (2014). "When the Rule preconditions for the application of jail credits are satisfied, the award of such credits is mandatory, not discretionary." Hernandez, supra, 208 N.J. at 37.

"Jail credits are 'day-for-day credits.'" Ibid. (quoting Buncie v. Dep't of Corr., 382 N.J. Super. 214, 217 (App. Div. 2005), certif. denied, 186 N.J. 606 (2006)). Jail credits apply to the "'front end' of a defendant's sentence, meaning that [the defendant] is entitled to credit against the sentence for every day defendant was held in custody for that offense prior to sentencing." Ibid. In practice, this application means that "jail credits will 'reduce a[] [parole] ineligibility term as well as the sentence imposed.'" Ibid. (alterations in original) (quoting State v. Mastapeter, 290 N.J. Super. 56, 64 (App. Div.), certif. denied, 146 N.J. 569 (1996)).

This Court recognizes that jail credits "serve important policy goals." Rawls, supra, 219 N.J. at 193. Specifically, jail credits further equal protection and fundamental fairness considerations by preventing the "double punishment" of

8

defendants who spend time in custody prior to sentencing.  Ibid. (quoting Hernandez, supra, 208 N.J. at 36).  Jail credits thereby prevent indigent defendants who cannot afford to post bail from serving greater time in custody than wealthier defendants.  Ibid.  In addition, jail credits discourage prosecutors from manipulating trial dates and promote uniformity in sentencing.  Hernandez, supra, 208 N.J. at 48-49.

In Hernandez, supra, this Court held that, under Rule 3:21-8, defendants are entitled to jail credit "against all sentences 'for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence' on each case."  Id. at 28 (emphasis added) (quoting R. 3:21-8). "Therefore, as interpreted by Hernandez, Rule 3:21-8 requires that a defendant receive jail credit even though the charges are not directly responsible for his or her incarceration."  Rawls, supra, 219 N.J. at 194.

IV.

In Hernandez, this Court reviewed two consolidated jail credit cases.  In the first case, defendant Andrea Hernandez was arrested in connection with an armed robbery in Passaic County on October 25, 2006.  Hernandez, supra, 208 N.J. at 28-29.  She remained in Passaic County custody until January 22, 2007, when she was transferred to Ocean County custody.  Id. at 29.  On January 23, 2007, Hernandez was charged with an Ocean County

9

burglary unrelated to the Passaic County charges.  Ibid.
Thereafter, she pleaded guilty to the Ocean County burglary
charge and was sentenced on August 24, 2007.  Ibid.  Hernandez
was sentenced to a three-year term of imprisonment, to be served
concurrently with any sentence she would receive in Passaic
County.  Ibid.  The trial court credited Hernandez with 213 days
of jail credit, representing the number of days she spent in
Ocean County custody between January 23 and August 23, 2007.
Ibid.

Hernandez then pleaded guilty to the Passaic County charges
on October 4, 2007.  Id. at 30.  She was sentenced to twenty
years' imprisonment with an 85 percent parole ineligibility
period pursuant to NERA.  Ibid.  The trial court credited
Hernandez with ninety days of jail credit, representing the time
she spent in Passaic County custody between October 25, 2006,
and January 22, 2007.  Ibid.

Hernandez appealed, arguing that she was entitled to jail
credits for the time period between October 25, 2006, and the
Ocean County sentencing on August 24, 2007.  Id. at 31.  This
Court agreed with Hernandez.  Id. at 46-47.  We observed that,
if jail credit for her total time in pre-sentence custody
applied to the Passaic County sentence, Hernandez would spend
less time imprisoned because the parole ineligibility term would
be reduced.  Ibid.  Recognizing the inequity of such a scenario,

10

we held that "Hernandez should be entitled to jail credit on the Passaic County sentence for the time she spent in custody between her Passaic County arrest and the date sentence was imposed in Ocean County." Id. at 47.

In the second case, defendant Derrick Wayne Rose committed multiple offenses in Union County. Id. at 31. He allegedly sold controlled dangerous substances (CDS) to undercover officers in Plainfield on May 4, 2006, and August 14, 2006, but was not arrested either time. Ibid. On January 26, 2007, Rose was arrested in connection with a theft in Linden. Ibid. While incarcerated, Rose was indicted for the CDS offenses: he was indicted for the first CDS offense on April 26, 2007, and for the second CDS offense on May 1, 2007. Ibid. Rose was then charged for the Linden theft on May 31, 2007. Id. at 31-32.

Rose pleaded guilty to charges in all three indictments and was sentenced on January 18, 2008, to two concurrent five-year sentences with three years of parole ineligibility for both CDS offenses, to run consecutively with a four-year sentence for the theft offense. Ibid. He received one day of jail credit toward the first CDS offense; no jail credit toward the second CDS offense; and 357 days of jail credit toward the theft offense, representing the time between his January 26, 2007, arrest and his sentencing date. Id. at 33.

Rose appealed, asserting that all jail credits should have been applied toward the three-year parole bar on the two CDS sentences. Id. at 35. Defense counsel pointed out that by the time Rose served his three-year parole ineligibility period, he would be parole eligible regardless of the 357 days of jail credit applied to his four-year theft sentence. Ibid. This Court agreed with Rose. Id. at 47-48. We held that in situations where multiple charges are brought in a single indictment, "the total amount of jail credit reduces the aggregate custodial sentence imposed." Ibid. We sought to avoid scenarios in which jail credits "might have different consequences if the same consecutive sentences are embodied in a single judgment than if they are embodied in separate indictments and the credits applied only to one" of the judgments. Id. at 48. We concluded that Rose was entitled to jail credits against all three offenses. Ibid.

V.

Here, defendant was arrested on November 19, 2009, and charged in two separate indictments. He did not make bail and remained in custody until he was sentenced for both indictments on August 22, 2012. Altogether, defendant spent 1007 days in pre-sentence custody. He received 1007 days of jail credit against the front end of his aggregate sentence.

12

Contrary to defendant's contentions, Hernandez does not warrant the application of double jail credit in this case. Here, unlike the situations presented in Hernandez, defendant did not suffer any adverse consequences due to the trial court's application of jail credit. In Hernandez, supra, neither of the defendants received the full benefits of the time they spent in pre-sentence custody. Id. at 29-33. Instead, both defendants received jail credits that did not fully apply time spent in pre-sentence custody to their parole ineligibility terms. Ibid. Those inequitable scenarios warranted the application of jail credits to all sentences received by both defendants.

In this matter, however, defendant received the optimal benefits of jail credit for the entire time he spent in pre-sentence custody. Defendant received 1007 days of jail credit, reflecting the full time between his arrest and sentencing. The 1007 days of jail credit were applied to the Indictment 2 sentences, which carried a parole ineligibility term. The jail credits reduced both defendant's aggregate prison term and his parole ineligibility period. Therefore, the jail credits were applied to the front end of defendant's aggregate sentence. This application of jail credit is equitable because it maximizes the benefits to defendant.

We understand that some language in Hernandez may have caused confusion about whether jail credits can reduce sentences

13

on each charge of a consecutive sentence, thereby allowing defendants to receive jail credit for twice the amount of time spent in pre-sentence custody. Defendant Hernandez received concurrent sentences, but the trial court did not provide her with credit against her parole ineligibility period. Id. at 29. This Court required that Hernandez's jail credit apply to her parole ineligibility period. Id. at 46-47. In contrast, defendant Rose received both consecutive and concurrent sentences, but the trial court did not provide him with credit against his parole ineligibility period. Id. at 32-33. This Court stated that Rose was "in custody on all three matters [at the same time] and traditionally entitled to 'jail credits' on all charges thereafter." Id. at 48. To the extent that language suggests that a defendant is entitled to jail credits for time simultaneously spent in custody on each charge for which he receives a consecutive sentence, we now make clear that such double credit is not allowed. To hold otherwise would lead to the perverse result that a defendant held in custody would be better off than one released on bail or supervision.

Both defendants in Hernandez were entitled to have the full amount of time spent in pre-sentence custody applied to the front end of their aggregate sentences. The appropriate course of action is to view the separate sentences together and apply jail credit to the front end of the aggregate sentence. This

14

application maximizes the benefits of jail credit for defendants without awarding double time.

Moreover, the application of 1007 days of jail credit is consistent with the policy purposes of Hernandez. Crediting defendant with 1007 days of jail credit does not provide defendant with "double punishment," nor does it disadvantage him for not posting bail. Id. at 36; see also Rawls, supra, 219 N.J. at 193. Rather than disadvantage defendant, the application of 1007 days of jail credit to the front end of his aggregate sentence fairly credits him with the entire time spent in pre-sentence custody. In contrast, the award of double jail credit would result in disparate real-time sentences for defendants who can and cannot afford to post bail. If defendants who cannot post bail are awarded double jail credit in such scenarios, their real-time sentences will be reduced for time they did not actually spend in pre-sentence custody. Our holding in Hernandez, supra, sought to ensure uniformity in sentencing and does not call for such irregular results. 208 N.J. at 48-49.

In Hernandez, supra, we also cautioned against a system in which defendants endure different consequences for sentences imposed on one indictment or on multiple indictments. Id. at 47-48. Noting that such a system would be ripe for manipulation by prosecutors, we concluded that "[t]he issue of credits simply

15

cannot turn on such happenstance." Id. at 48. Under the application of jail credit urged by defendant, such happenstance would dictate the real-time sentences defendants receive. For example, if defendant was charged and sentenced to consecutive prison terms under a single indictment, he would be entitled to only 1007 days of jail credit for his time in pre-sentence custody. But, because defendant was sentenced under two separate indictments, he would be entitled to 2014 days of jail credit despite spending the same amount of time in custody. Such a system defies uniformity and leaves too great of variation to happenstance.

In sum, Hernandez is modified as follows: double credit should not be awarded where a defendant is sentenced to consecutive sentences under separate indictments and receives the optimal benefits of jail credit for time spent in pre-sentence custody. To the extent that Hernandez has been read differently with respect to consecutive sentences we do not follow that approach. Instead, the sentencing court should treat the sentences as a unified proceeding and maximize the benefits to the defendant by applying jail credit to the front end of the imprisonment term. We caution that this holding in no way alters the applicability of gap-time credits should sentences be imposed on different dates.

VI.

16

The judgment of the Appellate Division is reversed and the sentence imposed by the trial court is reinstated.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.