# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5980-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

L.A.G.,

     Defendant-Appellant.

_____

Submitted October 15, 2019 – Decided October 22, 2019

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 15-08-2405.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant L.A.G. appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Samuel D. Natal in his comprehensive written opinion.

Defendant is the father of a minor daughter, K.G. In April 2013, defendant was sentenced to special Drug Court probation under Indictment No. 12-06-1513. During the first year of his probationary term, K.G.'s mother learned that K.G. had contracted a sexually transmitted disease. K.G. alleged she had been sexually assaulted by defendant on two separate occasions in June or July 2013. An investigation led to defendant being charged with the sexual assault.

A Camden County Grand Jury returned Indictment No. 15-08-2405, charging defendant with two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(a) (counts one and seven); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7) (count eight); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (count two); two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (counts three and five); two counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (counts four and six); second-degree endangering the welfare of a child, N.J.S.A.

2C:24-4(a) (count nine); and third-degree tampering with witnesses, N.J.S.A. 2C:28-5(a)(1) (count ten).

Defendant was also charged with violation of probation (VOP) as a result of the new charges. On February 4, 2014, defendant was sentenced on the VOP to a four-year prison term subject to sixteen months of parole ineligibility. He completed that sentence on May 25, 2015, but remained incarcerated on the pending charges under Indictment No. 15-08-2405 (the sexual assault charges).

Defendant entered into a negotiated plea agreement on the sexual assault charges on March 7, 2016. In exchange for defendant's guilty plea to second-degree sexual assault (count two), the State agreed to recommend a five-year prison term subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismiss the remaining charges. The plea form stated defendant would receive "all lawful jail credit from December 13, 2013." At the plea hearing, trial counsel stated:

> With regard to jail credit, [Defendant] has been in the Camden County Jail since December 13th of 2013. . . . [Defendant] was in Drug Court, and they . . . violated him out of Drug Court and sent him to prison.
>
> So there was a brief period of time where he was serving a prison sentence as a result of [a] Drug Court violation, which I think was for this new charge really.

3

> And so, . . . there's going to be a gap in his jail credit which we'll address at sentencing.
>
> So, if the parties are amenable at sentencing, he would get credit from that date. If not, then there's going to be an issue with regard to that little gap when he was away.

Trial counsel then addressed defendant's understanding of this issue, stating:

> But I wanted to make clear before we . . . did anything else, so that [defendant] understands on the record that. And I explained to him that he wouldn't necessarily be entitled to that credit even though . . . the detainer was lodged, because he was serving a sentence for a period of time. . . . I reviewed everything with him. He understands it.

Following defendant's testimony at the plea hearing, the trial court accepted defendant's guilty plea to count two.

The presentence report stated defendant was entitled to 393 days of jail credit but no gap-time credit. At the sentencing hearing on April 29, 2016, trial counsel stated that both he and defendant had reviewed the presentence report and there were "no substantive modifications to be made." The amount of jail credit was not discussed. Defendant chose not to allocute.

Defendant was sentenced on count two in accordance with the plea agreement to a five-year NERA term, Parole Supervision for Life, registration under Meghan's Law, compliance with the sex offender restraining order

requirements of Nicole's Law, and appropriate fines and penalties. He was awarded 393 days of jail credits for the periods from December 13, 2013 to February 4, 2014 and May 26, 2015 to April 28, 2016. The other nine counts were dismissed.

Defendant filed an untimely direct appeal from his sentence. We dismissed the appeal "without prejudice to defendant's ability to move before the trial court to correct an allegedly illegal sentence." Defendant then filed a pro se PCR petition. Counsel was appointed to represent him.

In an amended PCR petition, defendant claimed trial counsel was ineffective for failing to ensure defendant was awarded all of the jail credits that were part of the negotiated plea agreement. Defendant claimed he was promised jail credits for his time imprisoned on the VOP and was entitled to an additional 474 days of jail credit. This additional credit would result in a max-out date of March 13, 2018 on the sexual assault conviction, rather than a max-out date of July 1, 2019. He claimed the promised jail credit "was a significant factor in his decision to accept the [S]tate's plea offer and if not for the award of jail credits he would not have accepted the plea deal."

Defendant contended he was entitled to jail credits from February 5, 2014, the date he was sent to prison on the VOP sentence, to May 26, 2015, the date

he completed the VOP sentence. He requested an evidentiary hearing. Defendant did not seek to vacate his plea or his conviction.

At oral argument before the PCR court, the State conceded defendant was entitled to an award of gap-time credits for the days defendant served on his VOP sentence. The PCR court issued a July 30, 2018 order and written opinion denying PCR without an evidentiary hearing but awarding gap-time credits from February 5, 2014 to May 25, 2015. The court found defendant was not entitled to an evidentiary hearing because he had not established a prima facie case of ineffective assistance of counsel.[1] The court noted trial counsel advised PCR counsel that he had no recollection of defendant not receiving proper jail credits. PCR counsel argued trial counsel should testify because "he possibly could remember something." The court characterized this as "an attempt at fishing in hope of a good result. Not a proper reason for an evidentiary hearing."

The court concluded that "[a]ll the facts necessary for the [c]ourt to make its determination are contained in the [c]ourt record." The court labeled defendant's claim that trial counsel promised him he would receive all jail credits

---

[1] PCR counsel acknowledged that "everything's right in the transcript that [defendant] needs to get his relief."

A-5980-17T4

from December 13, 2013, as "clearly mistaken or wishful thinking" and "contrary" to the plea form and transcript of the plea hearing.

The court explained that a defendant receives jail credit for any time spent in custody that is "directly attributable to the particular offense giving rise to the initial incarceration" "between arrest and the imposition of sentence," citing Rule 3:21-8. A defendant receives gap-time credit "when the defendant has been sentenced to a term of imprisonment [and] is sentenced subsequently to another term; and both offenses occurred prior to imposition of the first sentence," citing N.J.S.A. 2C:44-5(b). Gap-time credits "are applied to the back end of the sentence, but do not reduce a parole ineligibility term." The court "does not have the discretion to convert [g]ap-[t]ime into jail credits," citing State v. Hernandez, 208 N.J. 24, 50 (2011), overruled in part on other grounds, State v. C.H., 228 N.J. 111, 123 (2017).

The PCR court concluded defendant received all of the jail credit he was entitled to, but failed to receive gap-time credit from February 5, 2014 to May 25, 2015, which the State conceded. With that award of gap-time, defendant suffered no prejudice.

The court rejected defendant's "bald" assertion that he would not have accepted the plea offer if the award of the disputed jail credits was not made part

7

of the deal. The court noted defendant was facing three counts of first-degree aggravated sexual assault. "The [facts] of the case were particularly egregious. . . . The probability of a conviction was great." Rejecting the plea offer would have exposed defendant to a ten-to-twenty-year term of imprisonment upon conviction for first-degree aggravated sexual assault. The court found defendant "ha[d] not demonstrated that a decision to reject the plea would have been rational under the circumstances." In addition, the court found defendant's allegation, that the prosecutor had agreed to award him jail credit for the time period he was serving his VOP sentence, was not credible.

The PCR court denied the petition, finding defendant failed "to demonstrate that his [trial] counsel was deficient or that but for counsel's advice, he would not have pled guilty and would have insisted to proceed to trial on the ten charges under the indictment." The court awarded gap-time credit from February 5, 2014 to May 25, 2015. This appeal followed.

On appeal, defendant argues:

POINT I

DEFENDANT IS ENTITLED TO AN ADDITIONAL 474 DAYS OF JAIL CREDITS PURSUANT TO RULE 3:21-8.

POINT II

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING ON DEFENDANT'S CLAIM HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL OR THIS COURT MUST FIND THAT DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE ADDITIONAL 474 DAYS OF JAIL CREDITS.

Based on our review of the record and the applicable legal principles, we affirm substantially for the reasons stated by Judge Natal in his comprehensive written opinion. We add the following comments.

We will affirm the PCR court if sufficient credible evidence in the record supports the judge's findings. State v. Nash, 212 N.J. 518, 540 (2013). However, we review a PCR court's interpretation of the law de novo. State v. Harris, 181 N.J. 391, 416 (2004). The defendant carries the burden to establish the right to relief by a preponderance of credible evidence. State v. Echols, 199 N.J. 344, 357 (2009).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must meet a two-prong test. Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). First, the defendant must show counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, the defendant must show the defect in performance prejudiced his

or her rights to a fair trial such that there exists "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We apply a similar standard in the context of guilty pleas. To prove ineffective assistance of counsel, the defendant must show "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez–Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

The award of gap-time and jail credits raises issues of law that we review de novo. See State v. L.H., 206 N.J. 528, 543 (2011) (applying de novo standard in gap-time credit case); Hernandez, 208 N.J. at 48–49 ("there is no room for discretion in either granting or denying [jail] credits").

A defendant is entitled to jail credits "for any time served in custody . . . between arrest and the imposition of sentence." R. 3:21-8(a). Jail credits "are applied to the 'front end' of a defendant's sentence, meaning that he or she is entitled to credit against the sentence for every day defendant was held in custody for that offense prior to sentencing." Hernandez, 208 N.J. at 37.

"[O]nce the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8." Hernandez, 208 N.J. at 50.

Conversely, N.J.S.A. 2C:44-5(b) governs gap-time credit. Hernandez, 208 N.J. at 38. This statute "awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." Ibid. A defendant is entitled to gap-time credit when "(1) the defendant has been sentenced previously to a term of imprisonment[;] (2) the defendant is sentenced subsequently to another term[;] and (3) both offenses occurred prior to the imposition of the first sentence." Ibid. (alterations in original) (quoting State v. Franklin, 175 N.J. 456, 462 (2003)). "If the defendant meets those requirements, the sentencing court is obligated to award gap-time credits." Ibid. "Unlike jail credits, gap-time credits are applied to the 'back end' of a sentence." Ibid. (quoting Booker v. N.J. State Parole Bd., 136 N.J. 257, 260 (1994)). Gap-time credits do not affect a period of parole ineligibility but may otherwise affect the actual date of parole eligibility. Booker, 136 N.J. at 263-65. Thus, gap-time credit will not reduce the period of parole ineligibility imposed by NERA. Hernandez, 208 N.J. at 41.

Judge Natal correctly applied these principles. The record fully supports his findings and conclusions. Defendant did not establish a prima facie case of ineffective assistance of counsel. Accordingly, an evidentiary hearing was not necessary or warranted. Defendant ultimately received all of the lawful jail credits and gap-time credits he was entitled to, and no further relief is warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-5980-17T4