**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0054-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KAMAL EDGE, a/k/a
RICO EDGE,

    Defendant-Appellant.

_____

        Argued November 12, 2020 – Decided December 11, 2020

        Before Judges Alvarez and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-11-1028.

        Alan Dexter Bowman argued the cause for appellant.

        Ali Y. Ozbek, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Ali Y. Ozbek, of counsel and on the brief).

PER CURIAM

Defendant Kamal Edge appeals the Law Division's July 16, 2018 order denying his request to have 1,199 days jail credit applied to his sentence. We affirm.

On June 23, 2013, defendant fired a gun into a crowd of people killing Quenay Cox. Five months later he was indicted on four counts of first-degree attempted murder, five counts of second-degree possession of a weapon for an unlawful purpose, two counts of second-degree possession of a weapon without a permit, second-degree conspiracy to commit murder, first-degree murder, and second-degree certain person not to have weapons.

In March 2018, defendant pled guilty to an amended count of second-degree reckless manslaughter and four counts of second-degree aggravated assault. Three months later, in accordance with defendant's plea agreement, he was sentenced to an aggregate five-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, to run consecutively to a sentence ordered a year earlier on March 20, 2017, related to an October 2013 shooting incident that he was already serving.[1] The sentencing judge, who also took the plea,

---

[1] Defendant pled guilty to two counts of first-degree attempted murder, second-degree possession of a weapon for an unlawful purpose, second-degree unlawful possession of a weapon, and second-degree certain persons not to have weapons.

A-0054-18T4

rejected defendant's request for 1,199 days jail credit for the period of December 7, 2013 to March 19, 2017, instead awarding him 445 days gap time and no jail credit. The judge determined that because defendant had already received jail credit for the prior convictions, he was not entitled to additional jail credits.

Before us, defendant argues that under State v. C.H., 228 N.J. 111 (2017), he is entitled to the jail credit because the concept of jail credit was established to account for the time a defendant spent in jail prior to conviction.[2] He repudiates the judge's reasoning that giving him 1,199 days jail credit would be double counting; arguing not awarding him jail credit constitutes a due process violation. We disagree.

The judge did not abuse his discretion in sentencing defendant. See State v. Fuentes, 217 N.J. 57, 70 (2014). Rule 3:21-8(a) provides that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." Jail credit was "conceived as a matter of equal protection or fundamental fairness" to avoid "the double punishment that would [otherwise]

---

[2]  Defendant's challenge was initially heard on our Excessive Sentence Oral Argument calendar. Because the issue required briefing, the matter was transferred to the plenary calendar.

A-0054-18T4

result . . . ." State v. Hernandez, 208 N.J. 24, 36 (2011) overruled in part on other grounds, C.H., 228 N.J. 111.

Defendant's reliance on C.H. is misplaced. In C.H., the defendant was sentenced to consecutive prison terms under separate indictments; he argued because there were separate indictments, his jail credit should have been applied to both sentences, irrespective of them being consecutive. C.H., 228 N.J. at 114-16. To clarify the language in Hernandez,

> suggest[ing] that a defendant is entitled to jail credits for time simultaneously spent in custody on each charge for which he receives a consecutive sentence, [the Court] . . . ma[d]e clear that such double credit is not allowed. To hold otherwise would lead to the perverse result that a defendant held in custody would be better off than one released on bail or supervision.
>
> [228 N.J. at 121.]

The Court thus rejected defendant's argument and modified Hernandez, holding

> double credit should not be awarded where a defendant is sentenced to consecutive sentences under separate indictments and receives the optimal benefits of jail credit for time spent in pre-sentence custody. To the extent that Hernandez has been read differently with respect to consecutive sentences we do not follow that approach. Instead, the sentencing court should treat the sentences as a unified proceeding and maximize the benefits to the defendant by applying jail credit to the front end of the imprisonment term.
>
> [Id. at 123.]

4

A-0054-18T4

Although the defendant's sentencing in <u>C.H.</u> involved consecutive sentences on separate indictments, the same principle espoused there applies here—no double counting. Defendant was not entitled to additional jail credit for the within conviction when he previously benefited from that jail credit through its application on a different conviction the year before. <u>See also</u> <u>State v. McNeal</u>, 237 N.J. 494, 499 (2019) (recognizing that in <u>C.H.</u>, the Court "curbed double-counting by clarifying that jail credits must be applied day-for-day to the front-end of the sentence, including any period of parole ineligibility"). To allow defendant double jail credit is contrary to <u>Rule</u> 3:21-8 and case law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0054-18T4