**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0321-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS J. LOMONICO,
a/k/a THOMAS LOMINICA,
and TJ LOMONICO,

    Defendant-Appellant.

_____

Submitted February 13, 2024 – Decided May 13, 2024

Before Judges Sumners and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 16-06-1113, 16-07-1475, 16-07-1485, 16-07-1486 and 16-09-1855.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John Joseph Bannan, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Thomas J. Lomonico appeals from a July 15, 2022 order denying his petition for post-conviction relief (PCR) without a hearing. On appeal, defendant raises the following arguments for our consideration, which we reorganize for the reader's convenience by eliminating references to the standard of review and repetitious contentions:

POINT I

THE PCR COURT ERRED IN FINDING THAT THE JAIL CREDIT ISSUE WAS PROCEDURALLY BARRED.

POINT II

BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT]'S PETITION FOR PCR.

([A]) [Plea] Counsel was Ineffective for Among Other Reasons Being Conflicted in His Representation.

([B]) [Plea] Counsel was Ineffective for Among Other Reasons Misadvising Defendant that Jail Credits w[ould] be Awarded on Both Sentences.

POINT III

BECAUSE DEFENDANT DID NOT MAKE A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

2

([A]) The Plea Entered was not Voluntary in this Matter Given the Conflict Between the Attorney and [Defendant].

POINT VI

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

We reject these contentions and affirm.

I.

The facts and procedural history are set forth at length in the PCR judge's thorough decision and need not be repeated here in the same level of detail. Between June and September 2016, defendant was charged in five Ocean County indictments with multiple offenses for his involvement in a string of residential burglaries in Toms River, and assault on two officers during questioning regarding an unrelated matter.[1]

In January 2018, defendant pled guilty to four of those offenses: third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5); two counts of third-degree

---

[1] In his decision, the PCR judge listed a sixth indictment returned in December 2016, which charged defendant with two fourth-degree receiving stolen property offenses. Elsewhere in his decision and the record provided on appeal, including the parties' briefs, only five indictments are referenced in defendant's ultimate disposition. The five indictments are listed in the caption of our opinion.

A-0321-22

burglary, N.J.S.A. 2C:18-2(a)(1); and fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a). Pursuant to the terms of the negotiated plea agreement, the State agreed to recommend dismissal of the remaining charges and an aggregate prison term of ten years with a five-year parole disqualifier.

In March 2018, defendant was sentenced to less prison time than that contemplated under the plea agreement, that is, eight years with a parole ineligibility period of three and one-half years. Pertinent to this appeal, defendant was awarded 626 days of jail credit on one burglary conviction, which was imposed consecutively to his aggravated assault conviction. However, defendant was resentenced in August 2018, after the Department of Corrections notified the trial court that defendant was not entitled to jail credits on the burglary conviction. See State v. C.H., 228 N.J. 111, 113, 121 (2017) (holding "a defendant who is simultaneously sentenced to consecutive sentences on two separate indictments is [not] entitled to the application of jail credit against both indictments").

On direct appeal, defendant only challenged his sentence, which this court heard on an excessive sentencing calendar pursuant to Rule 2:9-1. We affirmed. State v. Lomonico, No. A-0468-18 (App. Div. May 7, 2019).

A-0321-22

In October 2021, defendant filed a timely pro se petition for PCR. Pertinent to his reprised contentions on appeal, defendant asserted plea counsel was ineffective by failing to: recognize defendant was not entitled to jail credits on both convictions; and advise defendant of his intention to seek office on the Toms River municipal council, thereby creating "a huge conflict of interest."

Defendant was assigned PCR counsel, who elaborated on defendant's claims in a supplemental brief. PCR counsel argued plea counsel was conflicted because, had the assault matter been tried, counsel "would have had to cross-examine one or both of the detectives." Specifically: "As a council member it is presumed that [plea counsel] would [have] be[en] in a position to vote on salary and other financial or administrative issues concerning these detectives." PCR counsel argued defendant's guilty plea was not voluntarily made on this basis and further asserted defendant sought to retract his guilty plea after his jail credits were removed.

In July 2022, oral argument was held before the PCR judge, who had not presided over the trial court proceedings. During oral argument, the judge afforded defendant an opportunity to address his claims. The judge reserved decision and shortly thereafter defendant filed a pro se letter further expounding upon his contentions against plea counsel.

5

On July 15, 2022, the PCR judge issued a detailed written decision, squarely addressing the errors alleged in view of the governing Strickland/Fritz[2] framework. The judge denied all claims for relief.

The judge first addressed defendant's claim that plea counsel was ineffective for failing to advise of his conflict of interest, correctly rejecting the State's responding argument that the claims were barred procedurally because they could have been raised on direct appeal. As to the merits, the judge clarified that plea counsel's "law partner" and not plea counsel, himself, "was seeking election to the Toms River municipal council when his firm first appeared on behalf of defendant in 2016." Elected in 2017, the law partner commenced his term of service in January 2018, "just days" before defendant's guilty plea was entered.

Citing our Supreme Court precedent and the Rules of Professional Conduct, the judge was convinced defendant neither demonstrated a per se conflict of interest, see State v. Cottle, 194 N.J. 449, 467 (2008), nor a

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984) (recognizing to establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense"); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

"significant risk" that plea counsel's "representation of defendant would be materially limited by the partner's role as a municipal council member," see RPC 1.7(a)(2).  The PCR judge concluded defendant's conflict-of-interest claim was a "'bald assertion,' unsupported by affidavit or certification."  The judge elaborated:

> Defendant failed to identify in the transcripts of the plea hearing some manifestation of plea counsel's alleged conflict.  Nor has defendant submitted evidence to support a conclusion there was a significant risk plea counsel's representation of defendant would be materially limited by his partner's service on the municipal council.  In fact, it appears plea counsel's position would, in theory, serve to benefit defendant should the matter have proceeded to the point of cross-examination of the detectives.

Nor was the judge persuaded defendant demonstrated his guilty plea was not voluntary in view of the purported conflict.  Again, the judge found no evidence in the record to support defendant's claim.  The judge also recognized: "Defendant was facing an array of charges under the [multiple] indictments, including a first-degree charge, second-degree charge, and several third-degree charges."  Thus, had defendant "gone to trial, he faced an aggregate sentence far greater than the sentencing range" set forth in the negotiated plea agreement.  Moreover, the judge found:  "Plea counsel's argument at sentencing persuaded the trial court to sentence defendant below the State's requested sentence."

7

Turning to defendant's jail credit argument, the PCR judge first found defendant's claim procedurally barred because this court affirmed his amended sentence, which was imposed without the 626 jail credits at issue. The judge also rejected defendant's contentions on the merits finding "defendant's plea agreement did not explicitly state he was entitled to 662 days of jail credit"; the application of jail credits was not a certainty at sentencing; and "defendant did not tell the judge the applicability of the credits was promised to him at the time of his plea." The judge instead found the "legality of this request was noted to be questionable by plea counsel at the time of sentencing," yet counsel persuaded the sentencing judge to award the credits. The PCR judge thus found "defendant's claim he relied on a promise from plea counsel that he was entitled to the double-counted jail credits is belied by the record as the plea agreement was silent on the topic of jail credits and at sentencing it was made clear the issue was unresolved and was . . . left up to the trial court's discretion."

Citing State v. Porter, 216 N.J. 343, 355 (2013), and Rule 3:22-10(b), the PCR judge concluded because defendant failed to demonstrate a prima facie case that plea counsel was ineffective on either claim, he was not entitled to an evidentiary hearing. This appeal followed.

A-0321-22

"We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (quoting State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)). Because the PCR judge did not hold an evidentiary hearing, we review de novo both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

Having conducted that review here, we conclude defendant's contentions lack sufficient merit to warrant further discussion in our written opinion, R. 2:11-3(e)(2), beyond the comments that follow. We affirm substantially for the reasons set forth by the PCR judge in his well-reasoned decision.

We part company, however, with the PCR judge's decision that defendant's jail credit argument was procedurally barred. On direct appeal, we only considered whether defendant's sentencing was excessive. From the record provided on appeal, it is unclear whether defendant raised the jail credit issue. Regardless, we did not consider whether plea counsel's jail credit argument was ineffective. Thus, defendant's ineffective assistance of counsel claim was not procedurally barred under Rule 3:22-5; see also State v. McQuaid, 147 N.J. 464, 484 (1997) (recognizing "claims that differ from those asserted below will be

heard on PCR").  Because the judge astutely decided defendant's claims on the merits, we discern no reason to disturb his decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0321-22