**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3165-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NAEEM LIVINGSTON,

    Defendant-Appellant.

_____

> Submitted October 16, 2024 – Decided October 31, 2024
>
> Before Judges Gooden Brown and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0456.
>
> Naeem Livingston, appellant pro se.
>
> Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Naeem Livingston appeals from the May 3, 2023, Law Division order denying his motion to amend his judgment of conviction by altering the

award of jail credits and gap-time credits.  Because defendant was given the proper credits at sentencing, we affirm.

Defendant was charged with various offenses in 2014 and 2016 indictments for crimes allegedly committed on January 4, 2014, and September 15, 2015, respectively.  He pleaded guilty to two counts of third-degree distribution of a controlled dangerous substance in a school zone, N.J.S.A. 2C:35-7, charged in the 2014 indictment, and was sentenced on September 28, 2015, to three years in prison, with a one-year period of parole ineligibility.  He was taken into custody at sentencing and finished serving that sentence on October 1, 2017.  However, he remained in custody on the open 2016 indictment.

Defendant was subsequently tried by a jury on the 2016 indictment, which charged him with third-degree attempted aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count one); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count two); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); second-degree eluding an officer, N.J.S.A. 2C:29-2(b) (count four); second-degree aggravated assault while eluding an officer, N.J.S.A. 2C:12-1(b)(6) (counts five through eleven); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count twelve); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count thirteen); and third-

A-3165-22

degree criminal mischief, N.J.S.A. 2C:17-3(a)(1) (counts fourteen through sixteen). He was convicted of counts four, ten, thirteen, and fourteen, as amended, and sentenced on February 2, 2018, to an aggregate extended term of fourteen years in prison, subject to the eighty-five percent parole ineligibility provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2. He was awarded 735 days of gap-time credit from September 28, 2015, to October 1, 2017, and 123 days of jail credit from October 2, 2017, to February 1, 2018.[1]

On March 14, 2023, defendant moved to amend the judgment of conviction entered on the 2016 indictment, asserting he should have received all jail credits totaling 858 days as he never left custody once arrested on September 28, 2015. Relying on N.J.S.A. 2C:44-5(b) and State v. Hernandez, 208 N.J. 24 (2011), modified, State v. C.H., 228 N.J. 111 (2017), the judge denied the motion in a May 3, 2023, order and accompanying written decision. This appeal followed.

On appeal, defendant raises the following points for our consideration:

---

[1] We affirmed his convictions and sentence in an unpublished opinion, State v. Livingston, No. A-3470-17 (App. Div. Feb. 27, 2020), and affirmed the denial of his petition for post-conviction relief in another unpublished opinion, State v. Livingston, No. A-0649-22 (App. Div. Feb. 13, 2024). Defendant never challenged the award of credits in either appeal nor at his original sentencing on the 2016 indictment.

POINT I

DEFENDANT ARGUES HE SHOULD HAVE HAD A HEARING BECAUSE THE STATE OF NEW JERSEY ERRED IN GIVING DEFENDANT GAP-TIME INSTEAD OF JAIL CREDIT AND THE STATE OF NEW JERSEY ERRED IN DENYING DEFENDANT'S MOTION FOR THE MISAPPLICATION OF JAIL CREDITS.

POINT II

DEFENDANT'S JUDGMENT OF CONVICTION CONTAINS AN ERROR VIA GAP TIME INSTEAD OF JAIL CREDIT BECAUSE DEFENDANT WAS ARRESTED FOR THE PRESENT OFFENSE AND WAS NEVER RELEASED PURSUANT TO [RULE] 3:21-5 [AND] [RULE] 3:21-8.

"A defendant may be eligible to receive jail credits under Rule 3:21-8 or gap-time credits under N.J.S.A. 2C:44-5(b)(2) to reduce the time to be served on [a] sentence." Hernandez, 208 N.J. at 36. Rule 3:21-8 states that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." However, "once the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8." Hernandez, 208 N.J. at 50 (emphasis added). "Jail credits are applied to the 'front end' of the sentence and reduce a parole ineligibility term that is

4

part of a sentence." State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013) (quoting Hernandez, 208 N.J. at 37).

N.J.S.A. 2C:44-5(b) defines gap-time credits as follows:

> When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
>
> . . . .
>
> . . . Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served[.]

"Gap-time credit" is so-named "because it awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since [the defendant] began serving the first sentence." Hernandez, 208 N.J. at 38. "[O]nce the first sentence is imposed[,] a defendant is only entitled to gap-time credits for time accrued thereafter when sentenced on the other charges." Id. at 47. "To demonstrate an entitlement to gap-time credit, a defendant must establish three facts: '(1) the defendant has been sentenced previously to a term of imprisonment[;] (2) the defendant is sentenced subsequently to another term[;] and (3) both offenses

occurred prior to the imposition of the first sentence.'" Id. at 38 (alterations in original) (quoting State v. Franklin, 175 N.J. 456, 462 (2003)). "If the defendant meets those requirements, the sentencing court is obligated to award gap-time credits." Ibid. These credits "are applied to the 'back end'" of "the defendant's aggregate sentence." Ibid. (quoting Booker v. N.J. State Parole Bd., 136 N.J. 257, 260 (1994)).

Applying these principles, we are satisfied that gap-time credits were properly awarded because defendant was first sentenced on the 2014 indictment and then sentenced on the 2016 indictment, and both offenses occurred prior to the imposition of the first sentence. Thus, the requirements for awarding gap-time credit were met. Moreover, once the first sentence was imposed and defendant was awaiting imposition of the second sentence, no additional jail credit accrued. Although the judge misstated some of the dates in his written decision, he correctly applied the governing legal principles and reached the correct conclusion. In any event, on appeal, a judge's award of credits for periods of incarceration "is subject to de novo review." State v. L.H., 206 N.J. 528, 543 (2011) (Rivera-Soto, J., concurring) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3165-22