**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3182-21

STATE OF NEW JERSEY

    Plaintiff-Respondent,

v.

MICHAEL W. SANDERS,
a/k/a MICHAEL WILLIAMS,
MICHAEL WILLIAM,
MIKE WILLIAMS,
and MIKE SANDERS,

    Defendant-Appellant.

_____

Submitted September 27, 2023 – Decided December 7, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 16-10-2408.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Mario Christopher Formica,

Chief Counsel to the Prosecutor, of counsel; Linda Anne Shashoua, on the brief).

PER CURIAM

Defendant Michael Sanders appeals from the April 20, 2022, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from the record. On October 19, 2016, defendant was indicted on one count of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2). On January 19, 2017, defendant entered a non-negotiated guilty plea to the charge, see R. 3:9-3(c), and testified during his plea colloquy that he robbed a bank on July 28, 2016, while threatening the teller that he had a gun in his waistband. The teller gave defendant over $600 in cash. Because he had been a bank customer and his identity was not obscured, bank employees recognized defendant, who subsequently turned himself in voluntarily and confessed after being administered Miranda[1] warnings.

Defendant had three prior robbery convictions and was on parole for the latest conviction when he committed the offense. As a result, the State objected to the non-negotiated plea and sought a fifteen-year prison sentence, subject to

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Nonetheless, the trial court gave a conditional indication that it would sentence defendant to a twelve-year NERA sentence, concurrent to the parole violation sentence he was already serving, with credit for time served as determined by the court.

During the plea colloquy, defendant confirmed his understanding of the terms of his guilty plea as discussed in open court and as memorialized in the plea forms. Defendant acknowledged his potential exposure to a mandatory extended term sentence of life in prison, N.J.S.A. 2C:43-7.1, and his understanding that if the court decided "the interests of justice would [not] be served" by the imposition of a twelve-year NERA sentence, R. 3:9-3(c), he would have the option of withdrawing his guilty plea. After ensuring that the plea complied with the requirements of Rule 3:9-2, the court accepted defendant's guilty plea and scheduled sentencing.

At the March 3, 2017, sentencing hearing, the court found aggravating factors three, six, and nine based on defendant's high risk of re-offense, extensive prior criminal history, and need for deterrence, and mitigating factor twelve based on defendant's voluntary surrender and confession. See N.J.S.A. 2C:44-1(a)(3), (6), (9), (b)(12). The court sentenced defendant to twelve years of imprisonment, subject to NERA, for the armed robbery, to run concurrent

with the parole violation sentence.  The court also awarded 85 days of jail credit, and 150 days of gap-time credit.  See State v. C.H., 228 N.J. 111, 117 (2017) (explaining that only jail credits reduce a parole ineligibility term as well as the underlying sentence imposed).

Defendant did not file a direct appeal.  However, defendant filed a timely PCR petition, supplemented by assigned counsel's brief.  In his PCR petition and brief, among other things, defendant asserted his attorney was ineffective by failing to explain the difference between jail and gap-time credit.  According to defendant, he pled guilty expecting to receive all 235 days in custody as jail credit but only received 85 days of jail credit.

Following oral argument conducted on March 23, 2022, the PCR court issued a written decision dated April 20, 2022, denying defendant's PCR petition without an evidentiary hearing.  The judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel (IAC).  This appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT ONE
>
> THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN

A-3182-21

EVIDENTIARY HEARING BECAUSE THERE WAS NO EVIDENCE IN THE RECORD THAT PLEA COUNSEL EVER EXPLAINED TO DEFENDANT THAT HE WOULD NOT RECEIVE JAIL CREDIT FOR MOST OF THE TIME HE WAS INCARCERATED PRIOR TO SENTENCING AND ANY DISCUSSIONS BETWEEN COUNSEL AND DEFENDANT THAT TOOK PLACE COULD ONLY BE REVEALED THROUGH AN EVIDENTIARY HEARING.

POINT TWO

THE POST-CONVICTION RELIEF COURT ERRED WHEN IT FAILED TO CONCLUDE THAT AS A RESULT OF PLEA COUNSEL'S FAILURE TO ADVISE DEFENDANT THAT HE WOULD NOT RECEIVE FULL JAIL CREDIT FOR THE TIME HE SERVED IN CUSTODY PRIOR TO SENTENCING, COMBINED WITH HIS FAILURE TO EXPLAIN TO DEFENDANT THE DIFFERENCE BETWEEN JAIL CREDIT AND GAP-TIME CREDIT, THAT DEFENDANT ENTERED AN INVOLUNTARY GUILTY PLEA, WITHOUT A FULL UNDERSTANDING OF ITS CONSEQUENCES, DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant

is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted).

An evidentiary hearing is only required when a defendant establishes "a prima facie case in support of [PCR]," the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo," and "[w]e also review de novo the court's conclusions of law." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

"To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b). To establish a prima facie IAC claim, a defendant must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that his or her attorneys' performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687

(1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance.  Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To establish the prejudice prong to set aside a guilty plea based on IAC, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  To that end, "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'"  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  That determination should be "based on evidence, not speculation."  Ibid.

Failure to meet either prong of the two-prong Strickland/Fritz test results in the denial of a petition for PCR.  State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358).  That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to

A-3182-21

dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

Applying these principles, we discern no abuse of discretion in the PCR judge's denial of defendant's PCR petition without an evidentiary hearing, and we affirm the denial substantially for the reasons stated in the judge's cogent written opinion. Even if his attorney was deficient, defendant cannot show it would have been rational under the circumstances to reject the plea offer when he was facing the possibility of mandatory life imprisonment and the specter of overwhelming evidence of guilt. See State v. Rountree, 388 N.J. Super. 190, 215 (App. Div. 2006) (rejecting defendant's IAC claim based only on defendant's "'bald assertions'" that his "misunderstanding" of gap-time credit caused him to turn down an offer (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999))). Thus, defendant failed to establish the prejudice prong to warrant PCR relief or an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION